## Commonwealth v. Helt

*Fred C. Morgan,* assistant district attorney, and *Karl E. Richards,* district attorney, for Commonwealth.

*Homer L. Kreider,* for defendant.

Fox, J., March 2, 1936.—We have before us a motion to quash an indictment.

The indictment charges that on or about November 11, 1935, the defendant, being then and there the holder of a license from the county treasurer for the sale of malt and brewed beverages for the premises therein described, did knowingly, wilfully and maliciously have in his possession on said licensed premises and did permit the storage therein of certain spirituous, vinous and alcoholic liquors, to wit, whiskey and other alcoholic beverages.

The reasons assigned to sustain the motion are:

"(a) The subsection (n), section 23, of the act known as 'Beverage License Law', 1935, P. L. 1217, is unconstitutional because it prohibits the possession of lawfully acquired liquor on premises licensed only for the sale of beer.

"(b) The said section of said act deprives the defendant of his property rights without due process of law as guaranteed him by the Constitutions of Pennsylvania and of the United States.

"(c) The said act discriminates unfairly between the holders of beverage licenses for the sale of beer only and other licensees and nonlicensees by depriving them of the equal protection of the laws."

The Beverage License Law of July 18, 1935, P. L. 1217, sec. 23, enumerates unlawful acts, and subsection (n) thereof reads as follows:

"For any distributor, importing distributor, retailer to have in his possession on any licensed premises, or to permit the storage on the licensed premises, of any spirituous, vinous or alcoholic liquors or alcohol of any sort except malt or brewed beverages" is an unlawful act.

The Beverage License Law of 1935 is an act amending the Act of May 3, 1933, P. L. 252, which is an act to regulate and restrain the traffic in malt, brewed, vinous and fruit juice beverages: Shibe's Case, 117 Pa. Superior Ct. 7, 13.

In the case of Bosnjak v. Grosscup, etc., 42 Dauph. 18, the court, by Hargest, P. J., said: "The Act of 1935 is in

precisely the same category, as an exercise of the police power, as the Brooks High License Law of 1887."

By article XVI, sec. 3, our State Constitution declares that "the exercise of the police power of the State shall never be abridged". This subject is quite fully discussed in the case of Commonwealth v. Beatty, 15 Pa. Superior Ct. 5, 15. Likewise, in the case of Commonwealth v. Seiler, 20 Pa. Superior Ct. 260, 263, it is said:

"In reviewing this case, the United States Supreme Court, in Powell v. Penna., 127 U. S. 678, 8 Sup. Ct. Repr. 992, said: 'It is contended that the last statute (May 21, 1885) is void in that it deprives all coming within its provisions of rights of liberty and property without due process of law, and denies to them the equal protection of the laws; rights which are secured by the fourteenth amendment to the constitution of the United States.

" 'It is scarcely necessary to say that, if this statute is a legitimate exercise of the police power of the state, for the protection of the health of the people and for the prevention of fraud, it is not inconsistent with that amendment, for it is the settled doctrine of this court that, as government is organized for the purpose, among others, of preserving the public health and the public morals, it cannot divest itself of the power to provide for those objects; and that the fourteenth amendment was not designed to interfere with the exercise of that power by the states.' "

This is a wholesome and reasonable piece of legislation. One of the purposes is to prevent the sale of spirituous, vinous, and alcoholic liquors fraudulently, and it takes away from the holder of the license to sell beer the temptation of selling spirituous, vinous and alcoholic liquors when called for.

The defendant accepted his license under the terms and provisions of the statute, which includes section 23, subsection (n), aforesaid; having thus accepted his license he is bound by the statute.

Therefore, we are of the opinion that there is nothing in any of the reasons assigned to sustain the motion.

And now, March 2, 1936, upon due consideration, the motion to quash the indictment is overruled.